UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15CV-00114-GNS-HBB

PATRICK BUNCH                                                PLAINTIFF

VS.

SHAE FOLEY                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This case arises from a deprivation of civil rights claim filed by Plaintiff Patrick Bunch ("Bunch") pursuant to 42 U.S.C § 1983 against Defendant Trooper Shae Foley ("Trooper Foley"). Trooper Foley has filed a Motion to Hold Case in Abeyance pending the conclusion of the criminal matters related to the litigation (DN 10). Bunch has responded (DN 12), and Trooper Foley has replied (DN 14). This matter is now ripe for adjudication.

### Background

On October 17, 2014, Bunch was riding as a passenger in Allison Bryant's ("Bryant") car when Trooper Foley conducted a traffic stop on Bryant (DN 1, at p. 2; DN 7, at p. 1). While the details of the stop are disputed, the parties agree that Bunch was arrested during that stop and ultimately charged in Butler District court for: (1) menacing; (2) disorderly conduct in the second degree; (3) resisting arrest; and (4) alcohol intoxication in a public place (DN 1, at pp. 4-5; DN 7, at p. 3).

1

Bunch filed his Complaint with this Court on September 23, 2015, asserting claims of: (1) deprivation of constitutional rights under 28 U.S.C. § 1983; (2) assault and battery; (3) false imprisonment; and (4) abuse of process. (DN 1, at pp. 6-8). The Butler Circuit Court criminal action against Bunch is still pending.

## Discussion

Trooper Foley argues that the instant case should be held in abeyance pending final adjudication of the Butler Circuit Court criminal case against Bunch (DN 10-1, at p. 2). Trooper Foley claims the stay is necessary because Bunch's assertion of his Fifth Amendment rights will thwart Defendant's attempts at discovery, and the stay would promote judicial efficiency (Id. at pp. 2-3). In opposition, Bunch claims that Trooper Foley has failed to meet his burden in proving a stay is necessary by not recognizing the prejudice the stay would have on Bunch (DN 12, at p. 1).

It is well-established that district courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending." F.T.C. v. E.M.A. Nationwide, Inc., 767 F.3d 611, 627 (6th Cir. 2014) (quoting Chao v. Fleming, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). In making this determination, district courts generally consider and balance a number of factors, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interest of the courts; and 6) the public interest.

Chao, 498 F.Supp.2d at 1037. The party seeking the stay must demonstrate that "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. Of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977). With these factors in mind, the undersigned will consider Trooper Foley's motion to stay.

Here, as to the first factor, there is significant overlap between the Butler Circuit Court criminal proceeding and the subject matter of Bunch's § 1983 claim. *See* Porter v. Buckler, Civil Action No. 0:14-127-DLB, 2015 WL 1936363, at *2 (E.D. Ky. Apr. 28, 2015). It is undisputed that the core of both cases arises from the events surrounding the traffic stop on October 17, 2014. This factor tends to favor a stay.

Regarding the second factor, which examines the status of the cases, Bunch's criminal trial is currently scheduled to take place on January 13, 2016. "A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." F.T.C., 767 F.3d at 628 (quoting Trs. Of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., 886 F.Supp. 1134, 1139 (S.D.N.Y. 1995)). Because Bunch's criminal case has proceeded long past the indictment stage, the Court finds this factor also weighs in favor of a stay.

The third and fourth factors examine the private interests of each party and the potential prejudice faced by each. Here, Bunch has legitimate concerns about the length of time since the incident occurred, and relatedly, concerns regarding whether witnesses' memories will fade over time or whether physical evidence will be properly maintained (DN 12, at pp. 2-3). Yet, Trooper Foley argues that Bunch's concerns are unfounded

3

because Bunch can "send letters to preserve evidence to anyone connected with this case" (DN 14, at p. 3). In determining whether a stay would prejudice the opposing party, the Court may consider whether the alleged prejudice or injury is particularly unique or compelling. See Chao, 498 F.Supp.2d at 1040. However, "fading memories" and "loss of documentation and witnesses," do not generally constitute a unique injury. Id.; *see also* Burgett v. City of Flint, Civil Action No. 07-CV-12686, 2008 WL 363291, at *5 (E.D. Mich. Feb. 11, 2008). Accordingly, the Court finds that the third factor weighs only somewhat in favor of denying a stay.

On the other hand, the fourth factor weighs strongly in Defendant's favor. Trooper Foley's primary prejudice argument is based on the inequity he believes will arise if Bunch is permitted to maintain his civil case while also invoking his Fifth Amendment privilege in the pending criminal action. The Court agrees that Trooper Foley's interests would be protected by a stay because he might suffer prejudice if Bunch cannot participate in discovery or trial because of the invocation of his Fifth Amendment rights. *See* McGee v. Madison Cnty, Tenn., No. 1:15-cv-01069, 2015 WL 3648986, at *4 (W.D. Tenn. June 10, 2015).

The fifth factor evaluates the interest of courts "in docket management and the expeditious resolution of cases." Chao, 498 F.Supp.2d at 2040. The Court finds that entering a stay will "promote judicial economy" because if the civil litigation were to presently continue, "the parties and the Court would have to consume time and resources to determine the precise contours of Defendant's Fifth Amendment Rights." McGee, 2015 WL 3648986, at *4 (citing Coley v. Lucas Cnty, Ohio, No. 3:09 CV 0008, 2011 WL

4

5838190, at *4 (N.D. Ohio Nov. 18, 2011)). Further, instituting a stay now "may ultimately reduce or eliminate the need for discovery or result in a settlement" of the civil case. Chao, 498 F.Supp.2d at 2040. Similarly, the final factor, which evaluates the public's interest, weighs in favor of Trooper Foley because "[p]rosecution and conviction of the guilty are fundamental public concerns." Prudential Ins. Co. of Am. v. Blanton, Case No. 3:14CV2343, 2015 WL 4668326, at *4 (N.D. Ohio Aug. 7, 2015).

After considering each of the relevant factors, the Court finds that Trooper Foley has established that there is sufficient need for a stay in proceedings and that neither party nor the public will suffer harm from the entry of this stay.

## **ORDER**

It is **HEREBY ORDERED** that Defendant's Motion to Hold Case in Abeyance (DN 10) is **GRANTED**.

It is **FURTHER ORDERED** that the parties shall notify the Court **upon the conclusion of the Butler Circuit Court criminal action** to schedule a telephonic status conference.

Copies: Counsel